UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DETRAIL WILLIAMS, | ) | Case No. CV 18-10358-SP |
|     Petitioner, | ) ) | MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS |
|     v. | ) ) | |
| J. GASTELO, Warden, | ) ) | |
|     Respondent. | ) ) | |

## I.

## **INTRODUCTION**

On December 7, 2018, petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition").[1] Petitioner seeks to challenge his 2016 convictions for assault and battery on a peace officer in Los

---

[1] Dates listed as "constructive" filing dates reflect the constructive filing date under the "mailbox rule." Under the mailbox rule, "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail." *Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). Courts generally presume a petition was delivered to prison authorities on the day the petition was signed. *Lewis v. Mitchell*, 173 F. Supp. 2d 1057, 1058 n.1 (C.D. Cal. 2001).

1

Angeles County Superior Court.

On February 28, 2019, respondent filed a Motion to Dismiss the Petition, asserting the claims are barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). For the reasons discussed below, the court finds the Petition is untimely. As such, the court grants the Motion to Dismiss.

## II.
## PROCEEDINGS

On June 8, 2016, petitioner pled nolo contendre to assault upon a peace officer (Cal. Penal Code § 245(c)) and battery against a peace officer (Cal. Penal Code § 243(c)(2)), and admitted he inflicted great bodily injury in the commission of these offenses (Cal. Penal Code § 12022.7(a)). LD 1 at 30-31; LD 4 at 3-4; LD 7. Petitioner also admitted to three prior convictions that qualified as serious and/or violent felonies and strikes under California's Three Strikes Law. *See* LD 1 at 31; LD 4 at 4-5. At the September 22, 2016 sentencing hearing, the trial court struck two of the three strikes and sentenced petitioner to 21 years in prison. LD 1 at 33-34; LD 7.

Petitioner did not appeal his conviction or sentence. Petition at 2. Petitioner apparently tried to file a notice of appeal a few weeks after his sentencing, but it was not filed because there was no certificate of probable cause. LD 1 at 35. Petitioner then requested a certificate of probable cause, but the Superior Court denied that request on November 30, 2016. *Id.*

Petitioner constructively filed a habeas petition in the Los Angeles County Superior Court on July 5, 2017. LD 8. Petitioner presented two sentencing error claims: (1) petitioner's sentence was illegally enhanced; and (2) petitioner was given multiple sentences for a single criminal act. *Id.* On July 31, 2017, the Superior Court denied the habeas petition. LD 1 at 36-37.

| 1 | Petitioner constructively filed a Motion for Reconsideration in the Superior
| 2 | Court on September 21, 2017, but attached a habeas petition signed on July 6,
| 3 | 2017. *See* LD 9. The July 6, 2017 habeas petition raised a different second
| 4 | sentencing error claim – that petitioner's sentence was disproportionate to other
| 5 | sentences for the same conduct – than the one constructively filed on July 5, 2017.
| 6 | *See id*. at 7. Construing the motion for reconsideration as a new habeas petition,
| 7 | the Superior Court denied it on October 4, 2017. *See* LD 10.
| 8 | On December 7, 2017, petitioner filed a notice of appeal. LD 1 at 39. The
| 9 | Superior Court denied the appeal as untimely. *Id*.
| 10 | On January 31, 2018, petitioner constructively filed a habeas petition in the
| 11 | California Court of Appeal. LD at 11. Petitioner argued: (1) he was unable to filed
| 12 | a timely notice of appeal due to mental illness; and (2) he received ineffective
| 13 | assistance of counsel for failure to investigate. *Id*. The Court of Appeal summarily
| 14 | denied the habeas petition on March 14, 2018. LD 12.
| 15 | Petitioner constructively filed a habeas petition in the California Supreme
| 16 | Court on May 23, 2018. LD 13. Petitioner raised the same two grounds presented
| 17 | to the Court of Appeal, and also argued he received an illegal sentence. *See id*. at
| 18 | 3-12. The California Supreme Court summarily denied the habeas petition on
| 19 | September 26, 2018. LD 14.
| 20 | Petitioner constructively filed the instant federal Petition on December 7,
| 21 | 2018.

## III.

## DISCUSSION

**A.** **The Petition Is Time-Barred Under AEDPA's One-Year Statute of Limitations**

AEDPA mandates that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

3

judgment of a State court." 28 U.S.C. § 2244(d)(1); *see also Lawrence v. Florida*, 549 U.S. 327, 329, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007); *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012). After the one-year limitation period expires, the prisoner's "ability to challenge the lawfulness of [his] incarceration is permanently foreclosed." *Lott*, 304 F.3d at 922.

To assess whether a petition is timely filed under AEDPA, it is essential to determine when AEDPA's limitation period starts and ends. By statute, AEDPA's limitation period begins to run from the latest of four possible events:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Ordinarily, the starting date of the limitation period is the date on which the judgment becomes final after the conclusion of direct review or the expiration of the time allotted for seeking direct review. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

AEDPA may also allow for statutory tolling or equitable tolling. *Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002). But "a court must first determine

4

whether a petition was untimely under the statute itself before it considers whether equitable [or statutory] tolling should be applied." *Id*.

Here, petitioner was sentenced on September 22, 2016. LD 7. Because there was no appeal of the judgment, petitioner's conviction became final sixty days later, on November 21, 2016. *See* Cal. R. Ct. 8.308(a); *Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006) (petitioner did not appeal his conviction, which became final sixty days after the judgment of conviction).

As such, under AEDPA, the limitation period here expired on November 21, 2017. Petitioner did not constructively file the instant Petition until December 7, 2018, over one year later. Consequently, the Petition is untimely absent sufficient statutory or equitable tolling.

**B.    Petitioner Is Entitled to Some Statutory Tolling**

Statutory tolling is available under AEDPA during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *accord Evans v. Chavis*, 546 U.S. 189, 191, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001). But "in order to qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, the prisoner's state habeas petition must be constructively filed *before*, not after, the expiration of AEDPA's one-year limitations period." *Johnson v. Lewis*, 310 F. Supp. 2d 1121, 1125 (C.D. Cal. 2004).

Petitioner constructively filed his first state habeas petition on July 5, 2017, which was denied on July 31, 2017. LD 1 at 36-37; LD 8. Petitioner is therefore entitled to 26 days of statutory tolling, between when he constructively filed the habeas petition and the Los Angeles County Superior Court denied it. This statutory tolling extends the statute of limitations to December 17, 2017.

On September 21, 2017, petitioner constructively filed a motion for

5

reconsideration in the Superior Court. LD 9. But rather than simply asking for reconsideration, petitioner asked the Superior Court to consider a different habeas petition than the one it initially denied. *Compare* LD 8 and 9. The Superior Court recognized the habeas petition attached to the motion for reconsideration raised one identical ground and one different ground. *See* LD 10. It therefore treated the motion for reconsideration as a new habeas petition, which it denied on October 4, 2017. *Id*. Petitioner is entitled to 13 days of statutory tolling for the period the second habeas petition was pending, which extends the statute of limitations to December 30, 2017.

Petitioner is not, however, entitled to gap tolling for the interval between the Superior Court's denial of his first habeas petition and the filing of his second habeas petition. Although a petitioner may be entitled to gap tolling for the periods between petitions during a round of collateral review, it is not available for the interval between separate rounds of habeas petitions. *See Velasquez v. Kirkland*, 639 F.3d 964, 967 (9th Cir. 2011) (a petitioner may also be entitled to gap tolling for the periods between petitions provided that the petitions are filed within a reasonable time); *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003) (petitioner not entitled to gap tolling for the period between two separate rounds of petitions); *Aranda v. Ducart*, 2017 WL 7371167, at *4 (C.D. Cal. Oct. 18, 2017) (same). Thus, a round of collateral review may be considered to include the "intervals between a *lower* court decision and a filing of a new petition in a *higher* court." *See Carey v. Saffold*, 536 U.S. 214, 223, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002) (emphasis added). But here, petitioner's second habeas petition was filed in the same court as the first.

Were the second petition in fact the motion for consideration it purports to be, it might fairly be said to be part of the same habeas round as the first petition, notwithstanding that both were filed in the Superior Court. But the second petition

was not simply a motion for reconsideration. In *King v. Roe*, the Ninth Circuit articulated a two-part test to determine whether a second habeas petition constitutes a second round of petitions. 340 F.3d 821, 823 (9th Cir. 2003), abrogated on other grounds by *Evans*, 546 U.S. 189. First, the court must determine whether the subsequent habeas petitions are limited to an elaboration of the facts relating to the claims raised in the first round of petitions. *Id*. If the second round is not limited, then it constitutes a new round of petitions and the gap between the rounds is not tolled. *Id*. If limited, then the petitioner is simply trying to correct the deficiencies and the petition, or round of petitions, is still pending for tolling purposes. *Id*. The court must then determine whether the second round of petitions was untimely, in which case, gap tolling does not apply. *Id*. Here, petitioner's second habeas petition presented a completely different sentencing claim. As such, petitioner's second petition in fact initiated a new round of petitions under the first prong of the test, and therefore petitioner is not entitled to gap tolling for the interval between the Superior Court's denial of his first habeas petition and the filing of his second habeas petition. Thus, following the denial of the second petition, with the statutory tolling discussed above, the statute of limitations expired on December 30, 2017.

Petitioner next constructively filed a habeas petition in the California Court of Appeal on January 31, 2018, and the Court of Appeal denied it on March 14, 2018.[2] LD 11-12. Petitioner is not entitled to gap tolling for the interval between the Superior Court's denial on October 4, 2017 and the filing of the habeas petition in the Court of Appeal. Gap tolling is unavailable if there is too long a delay before filing the next petition. *See Clark v. Cate*, 581 Fed. Appx. 654, 655 (9th

---

[2] Although petitioner filed a notice of appeal on December 7, 2017, this notice neither affected the start date of the limitations period nor entitled petitioner to statutory tolling. The notice of appeal was untimely because petitioner's conviction was already final when he filed it.

7

Cir. 2014) (30-60 days is a benchmark for what constitutes a reasonable time); *Velasquez*, 639 F.3d at 968 (81-day and 91-day delays were unreasonable without an adequate explanation for the delays). Here, petitioner filed a habeas petition in the Court of Appeal 119 days after the Superior Court's denial of the second petition. In addition to the unreasonable delay between these petitions, the petition to the Court of Appeal raised entirely new claims from those raised in both of the Superior Court petitions, so under the *King* test it cannot be considered part of the same round of petitions as either petition filed in the Superior Court, and thus gap tolling is unavailable.

Nor is petitioner entitled to statutory tolling during the pendency of the habeas petition constructively filed in the Court of Appeal on January 31, 2018, since the limitation period had already expired on December 30, 2017. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (petitioner not entitled to statutory tolling for state habeas petition filed "well after the AEDPA statute of limitations ended"); *see also Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) (where petitioner does not file his first state petition until after the eligibility for filing a federal habeas petition has lapsed, "statutory tolling cannot save his claim"). For the same reason, petitioner is not entitled to statutory tolling for the habeas petition constructively filed in the California Supreme Court on May 23, 2018.

In sum, petitioner is entitled to some statutory tolling, but it only extends the limitation period to December 30, 2017. Therefore, absent equitable tolling, the instant Petition filed almost a year later is untimely.

C. **Petitioner Is Not Entitled to Equitable Tolling**

Petitioner does not expressly argue he is entitled to equitable tolling, but his first asserted ground for relief is he suffered from a mental illness that rendered him unable to file a timely appeal or habeas petition. Petition at 5. Petitioner also asserts his fourth grade education was a reason for his inability to file a timely

8

petition. *Id.*

The United States Supreme Court has decided that "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010). Tolling is appropriate when "extraordinary circumstances" beyond a petitioner's control make it impossible to file a petition on time. *Id.* at 649; *see Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) ("'[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'") (citation omitted and brackets in original). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *See Bryant v. Arizona Att'y Gen.*, 499 F.3d 1056, 1060 (9th Cir. 2007).

Petitioner cannot establish either prong. As an initial matter, petitioner fails to allege facts indicating he has been pursuing his rights diligently. Even assuming petitioner had been pursuing his rights diligently, he is still not entitled to equitable tolling because he cannot establish an extraordinary circumstance stood in his way.

Petitioner first suggests he is entitled to equitable tolling because he suffered from a mental illness. Petition at 5. The Ninth Circuit has established a two-part test a petitioner must meet in order to establish a basis for equitable tolling arising from a mental illness. *Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010). First, the illness must be shown to be an extraordinary circumstance beyond his

control, which requires that either the petitioner was unable "rationally or factually to personally understand the need to timely file," or was unable "personally to prepare a habeas petition and effectuate its filing." *Id.* Second, the petitioner must show diligence in pursuing claims "to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances." *Id.* at 1100.

Here, petitioner's mental impairment claim fails. Petitioner simply asserts he could not timely file this Petition because he suffered from a mental illness, without any specification, and he took psychotropic medication for the fourteen years prior to his conviction. Petition at 5. But as discussed above, the mere existence of a mental impairment does not justify equitable tolling. Petitioner has not provided any medical records to show that he was unable to rationally or factually understand the need to timely file his habeas petition or to personally prepare one and effectuate its filing, or that it was impossible for him to meet the deadline.

To the contrary, respondent submitted, under seal, petitioner's prison medical records, which indicate that, during the relevant period, petitioner received mental health services at prison and was classified as requiring the lowest level of care – Correctional Clinical Case Management System ("CCCMS").[3] *See* Sealed Docs. at 13, 31. The records indicate petitioner reported feeling depressed and having auditory hallucinations, but he had mostly normal mental status examination findings, including fair or good insight and no cognitive impairments.

---

[3] Pursuant to the Mental Health Services Delivery System Program Guide Overview, CCCMS is the lowest of the four levels of mental health care provided by the California Department of Corrections and Rehabilitation. *See Coleman v. Schwarzenegger*, 922 F. Supp. 2d 882, 903 (E.D. Cal. 2009). Inmates designated to CCCMS are able to function in the general prison population and do not require a clinically structured therapeutic environment. *See id.* at 903, n.24.

*See, e.g., id.* at 15, 17-18, 21, 24, 26. The physicians diagnosed petitioner with major depression, recurrent and chronic, and treated him with anti-depressants such as Sertraline and Zoloft at different times. *See, e.g., id.* at 13, 21-22, 39. In July 2017, petitioner requested to discontinue his medications because he was "doing fine" and already refused medication for two weeks. *Id.* at 15. On July 24, 2018, a prison psychologist indicated petitioner had been stable off psychotropic medications for over six months, with no disciplinary write ups. *See id.* at 10-11.

Nothing in these records indicate petitioner's mental illness rendered him unable to understand the need to timely file or prepare a filing. *Cf., e.g., Forbess v. Franke*, 749 F.3d 837 (9th Cir. 2014) (petitioner's delusions that he worked undercover for the FBI and his trial was a sham to lure his ex-wife out of hiding were so severe they rendered him unable to rationally understand the need to timely file). Indeed, petitioner was able to file multiple habeas petitions and a notice of appeal prior to the expiration of the statute of limitations. His ability to file these documents indicates his mental impairment did not interfere with his ability to understand the need to timely file or to effectuate such filing. *See Yeh v. Martel*, 751 F.3d 1075, 1078 (9th Cir. 2014) (petitioner's ability to file state habeas petitions and seek assistance refute his claim of impairment so debilitating that it would constitute an extraordinary circumstance).

Petitioner's second argument for equitable tolling – his fourth grade education caused him to be unable to timely file – also fails. Petitioner provides no evidence he had little education. Even if there were such evidence, petitioner must demonstrate that his education level prevented him from filing within the limitation period, and he has not done so. Ignorance of the law does not justify equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."). Again, petitioner's education level

11

did not prevent him from filing this or other petitions.

In sum, even assuming petitioner pursued his rights diligently, petitioner has failed to show there was an extraordinary circumstance that rendered him unable to timely file.

**D.  Petitioner Is Not Entitled to the Actual Innocence Equitable Exception to the Statute of Limitations**

In Ground Two, petitioner argues his counsel was ineffective for failure to investigate eyewitness reports that would have "completely exonerated him." Petition at 6. To the extent petitioner is arguing he is excepted from compliance with the AEDPA limitation period because he is actually innocent, petitioner has failed to meet his burden to demonstrate his actual innocence.

"[A] credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period." *Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011). "[A]ctual innocence, if proved, serves as a gateway through which a [habeas] petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013). But "tenable actual-innocence gateway pleas are rare." *Id.*

To establish a gateway claim of actual innocence, a petitioner "must show that in light of all the evidence . . . 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Carriger v. Stewart*, 132 F.3d 463, 478 (9th Cir. 1997) (en banc) (quoting *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)). A petitioner must establish his factual innocence of the crime, and not mere legal insufficiency. *See Bousley v. U.S.*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). "To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner has not satisfied the *Schlup* requirements. First, the eyewitness reports petitioner refers to do not constitute new evidence. Petitioner contends his trial counsel had possession of the reports. *See* Petition at 6. Second, petitioner simply makes the conclusory allegation that the reports would exonerate him, but fails to specify who the eyewitnesses are or the contents of the reports. Bare allegations of actual innocence are insufficient to meet the *Schlup* standard and excuse untimeliness. *See, e.g., Landrum v. Swarthout*, 2015 WL 9701296, *11 (C.D. Cal. Nov. 2, 2015) ("Conclusory allegations of alleged actual innocence are insufficient."); *Filipo v. Paramo*, 2014 WL 1999189, *9 (C.D. Cal. Mar. 18, 2014) ("Petitioner's conclusory allegations are insufficient to meet the exacting *Schlup* actual innocence standard."). The actual innocence exception to the statute of limitations consequently does not apply here.

Accordingly, the statute of limitations, with statutory tolling, expired on December 30, 2017. The Petition, constructively filed on December 7, 2018, is therefore untimely and will be dismissed with prejudice.

## IV.
## **CONCLUSION**

IT IS THEREFORE ORDERED that respondent's Motion to Dismiss (docket no. 10) is granted, and Judgment will be entered denying the Petition and dismissing this action with prejudice.

DATED: September 23, 2019

SHERI PYM
United States Magistrate Judge